UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM D. WYATT, JR.,

    Plaintiff,

    v.                                                  Cause No.: 3:23-CV-895-PPS-JEM

MIAMI CORRECTIONAL FACILITY,
*et al.*,

    Defendants.

**OPINION AND ORDER**

William D. Wyatt, Jr., a prisoner without a lawyer, filed a complaint in state court, which was removed to federal court by one of the defendants.[1] [DE 1; DE 4.] As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Wyatt is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The case was removed by Dr. Noe Marandet pursuant to 28 U.S.C. § 1441(a) because Mr. Wyatt asserts claims under the U.S. Constitution. [DE 4 at 4.] Mr. Wyatt has not objected to the removal on procedural grounds, and I find that the complaint falls within the court's subject matter jurisdiction.

Mr. Wyatt is an inmate at Miami Correctional Facility ("MCF"). He claims that prior to his incarceration, sometime around 2013, he developed a cyst on his forehead. He had surgery to remove the cyst, but it was "unsuccessful." In 2016, he was incarcerated for an offense. On an unspecified date, he claims he informed Dr. Noe Marandet about the cyst and told him it was causing him discomfort. The doctor told him to put in a request for medical care, which he did. At some point Dr. Marandet placed him on a list to have the cyst surgically removed. However, Dr. Marandet was later "fired or let go," and he was taken off the list for surgery for unknown reasons.

He claims that in the "past 2 to 3 years" the cyst got worse. He experienced migraines and problems with his vision, which he attributed to the cyst. Sometime in 2023, he was seen by a nurse who expressed concerns about his symptoms. He was sent to an outside specialist for care, which appears to have resolved the problems he was having. Based on these events, he sues Dr. Marandet, Dr. Kensley (first name unknown), and the prison itself, seeking monetary damages and other relief.

Inmates are entitled to adequate medical care under the Eighth Amendment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the violation of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that

---

[2] Mr. Wyatt invokes both the Eighth and Fourteenth Amendments in his complaint. [DE 4 at 4.] However, because he was serving a criminal sentence at the time these events occurred, his rights arise under the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

To state a claim, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965. This standard "reflects the reality that there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019).

As a preliminary matter, at least a portion of his claims appear to be untimely. By his account, Dr. Marandet's involvement in his medical care occurred sometime in 2016 or 2017. Events occurring that long ago are outside the two-year limitations period that

3

applies to claims brought under 42 U.S.C. § 1983. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (claims brought under 42 U.S.C. §1983 borrow the statute of limitation applicable to personal injury claims, which in Indiana is two years). Dr. Kensley is not mentioned anywhere in the narrative section of the complaint, and it is unclear what, if any, personal involvement he had in Mr. Wyatt's medical care, or when that involvement occurred. Given that the problem stretched back to his arrival at the prison in 2016, it is unclear if he has a timely claim against these doctors.[3]

Turning to the substance of his claims, I will presume that his cyst constituted a serious medical need. However, he has not plausibly alleged that any defendant was deliberately indifferent to this need. His allegations against Dr. Marandet reflect that the doctor responded to his request for medical care and placed him on a list to have the cyst removed. He was later taken off the list after Dr. Marandet left his job, but liability under 42 U.S.C. § 1983 is based on personal responsibility, and Dr. Marandet cannot be held liable for actions taken by other staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As stated above, he does not describe any personal involvement by Dr. Kensley in his medical care. I cannot

---

[3] I have considered that a claim for delay in providing medical care could be timely under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). However, it cannot be discerned from Mr. Wyatt's allegations when these doctors were responsible for his medical care. *Id.* (wrong "continued for as long as the defendants had the power to do something about [the plaintiff's] condition"). If their involvement ended years ago, the continuing violation doctrine would not save his claims. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) (describing limits of continuing violation doctrine); *see also Manuel v. City of Joliet*, 903 F.3d 667, 669 (7th Cir. 2018) ("[O]nce the wrong ends, the claim accrues even if that wrong has caused a lingering injury.").

plausibly infer that either of these defendants exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment.

It appears he may be trying to assert a claim for medical malpractice against Dr. Marandet and/or Dr. Kensley. However, there is no indication from his complaint that he presented a proposed complaint to a medical review panel before filing this action in compliance with Indiana's Medical Malpractice Act. *See* Ind. Code § 34-18-8-4; *see also Thompson v. Cope*, 900 F.3d 414, 424 (7th Cir. 2018) ("The medical review panel requirement is a substantive feature of the Act that must be enforced in federal court."). His allegations are also too bare bones to plausibly allege that either of these doctors were negligent in their care. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim).

He also names the prison itself as a defendant. However, the prison is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, I will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-*

*Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

As a final matter, Dr. Marandet filed a motion asking me to screen the complaint. [DE 9.] This motion was unnecessary because I am required to screen the complaint as a matter of course under 28 U.S.C. § 1915A. He also moves to stay the deadline for him to answer the complaint. [DE 8.] This motion is also unnecessary, because he is under no obligation to respond to the complaint unless and until the plaintiff is granted leave to proceed on a claim under 28 U.S.C. § 1915A.

For these reasons, the Court:

(1) **DENIES** Dr. Marandet's motions [DE 8; DE 9] as unnecessary;

(2) **GRANTS** the plaintiff until **December 11, 2023**, to file an amended complaint; and

(3) **CAUTIONS** him that if he does file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on November 9, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT